**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| NOVUS FRANCHISING, INC.,<br><br>                          Plaintiff,<br><br>v.<br><br>RANDE OKSENDAHL<br>d/b/a Windshield Rescue,<br><br>                          Defendant,<br><br>and<br><br>NOVUS FRANCHISING, INC.,<br><br>                          Plaintiff,<br><br>v.<br><br>NATHAN HEMPERLY and COREY<br>HEMPERLY d/b/a Windshield Doctor,<br><br>                          Defendants. | Civil No. 07-1964 (JRT/FLN)<br>Civil No. 07-1965 (JRT/FLN)<br><br><br><br><br><br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTIONS FOR ATTORNEY'S<br>FEES AND DENYING<br>DEFENDANTS' MOTIONS FOR<br>ATTORNEY'S FEES** |

      Michael R. Gray and Jason J. Stover, **GRAY PLANT, MOOTY, MOOTY & BENNETT, P.A.**, 500 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for plaintiff.

      John D. Holland and W. Michael Garner, **DADY & GARNER, P.A.**, 5100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; Lee Radford, **MOFFATT THOMAS BARRETT ROCK & FIELDS, CHTD.**, 420 Memorial Drive, Idaho Falls, ID 8345-1505; for defendants.

      On July 17, 2007, this Court granted in part plaintiff's motions for a preliminary injunction against defendants. Both plaintiff and defendants have now filed motions for attorney's fees. For the reasons discussed below, the Court grants plaintiff's motions and denies defendants' motions.

**BACKGROUND**

Plaintiff Novus Franchising, Inc. ("Novus") entered into separate franchise agreements with defendants Rande Oksendahl and Nathan and Corey Hemperly (collectively "defendants"). Under the terms of the Novus franchise agreements, defendants were granted non-exclusive licenses to use Novus marks and products in connection with their auto glass repair businesses. Defendants eventually allowed their franchise agreements to expire.

A short time later, Novus filed motions for a preliminary injunction against defendants, alleging that defendants were continuing to provide auto glass repair services in violation of a two-year non-compete provision contained in the franchise agreement. Novus asked the Court to enjoin defendants from providing any glass repair services for the duration of the two-year non-compete provision.

This Court granted in part and denied in part Novus's motions. The Court found that the four factors under *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981), weighed slightly in favor of granting Novus a limited preliminary injunction against defendants. The Court granted the motions to the extent that the non-compete provision precluded defendants from using Novus marks and products in connection with their glass repair businesses. However, the Court denied the motion to the extent Novus sought to enjoin defendants from providing any other glass repair services or products that had no connection with Novus marks or products.

Novus also requested attorney's fees pursuant to a fee shifting provision contained in the franchise agreement. The Court instructed Novus to file with the Court a

supplemental request for attorney's fees with documentation of the fees and costs requested. Novus has now filed separate motions for attorney's fees and costs. Defendants have also filed motions for attorney's fees and costs, arguing they are entitled to fees and costs under the terms of the franchise agreement.

## ANALYSIS

The Court's interpretation of the franchise agreement is governed by Idaho law. (Franchise Agreement, Art. 25.1.) Under Idaho law, "[t]he interpretation of a contract begins with the language of the contract itself." *Indep. Lead Mines Co. v. Hecla Mining Co.*, 137 P.3d 409, 413 (Idaho 2006). If the contract language is unambiguous, then its meaning and legal effect must be determined from its words. *Cristo Viene Pentecostal Church v. Paz*, 160 P.3d 743, 747 (Idaho 2007). "A contract is ambiguous if it is reasonably subject to conflicting interpretations." *Lamprecht v. Jordan, LLC*, 75 P.3d 743, 746 (Idaho 2003).

The franchise agreement includes a provision regarding attorney's fees and costs. Article 23.1 of the franchise agreement provides:

> The party against whom injunctive relief is granted will indemnify the prevailing party for all costs that it incurs in any lawsuit or proceeding under this provision including, without limitation, attorneys' fees, expert witness fees, costs of investigation, court costs, litigation expenses, accounting fees, travel and living expenses, and all other costs.

Both Novus and defendants now contend that they are entitled to attorney's fees as the "prevailing party" under the contract language.

Novus argues that "prevailing party" is defined under Article 23.1 as the party that obtains injunctive relief. Because the Court granted Novus's motion for a preliminary

injunction, Novus argues, it follows that Novus is the prevailing party according to the plain language of the contract. Defendants counter that "prevailing party" is a term of art under Idaho statute, and that the Court must look to the statutory definition to determine which party prevailed in Novus's motion. According to defendants, Idaho courts determine the "prevailing party" by considering, among other things, the result of the action in relation to the relief sought. *See J.R. Simplot Co. v. H & H Transp., Inc.*, 2007 WL 1238727, at *3 (D. Idaho Apr. 26, 2007). As such, defendants argue they are the prevailing parties because the Court denied Novus's motion to the extent it sought to enjoin defendants from providing any glass repair services or products.

The Court finds that Article 23.1 of the franchise agreement unambiguously defines "prevailing party" as that party that obtains injunctive relief in a motion for a preliminary injunction. The contractual definition of "prevailing party" reflects a clear intent to allocate costs in the event that one or the other party seeks, and successfully obtains, some measure of preliminary injunctive relief. Because Article 23.1 requires only the party "against whom injunctive relief is granted" to pay costs, the agreement precludes any cost allocation where a preliminary injunction motion is denied. In other words, even if defendants had successfully defeated Novus's motion in its entirety, they would not be a "prevailing party" under the plain language of Article 23.1, as there would be no party "against whom injunctive relief is granted."

Defendants do not argue that the definition of "prevailing party" in the franchise agreement is ambiguous. Rather, defendants contend that to the extent they are foreclosed from seeking fees under Article 23.1, the statutory definition of "prevailing

party" under Idaho law conflicts with, and must trump, the contractual definition. Under Idaho Code section 12-120(3), in any civil action arising out of a commercial transaction "the prevailing party shall be allowed a reasonable attorney's fee." To determine a "prevailing party" under § 12-120(3), Idaho courts consider "(1) the result obtained in relation to the relief sought; (2) whether there were multiple claims or issues; and (3) the extent to which either party prevailed on each claim or issue." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1025 (9th Cir. 2003). Thus, unlike the definition in Article 23.1, the statutory definition of "prevailing party" under § 12-120(3) may include a party that avoids liability on a contract. *See, e.g.*, *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005).

Even if the definition of "prevailing party" in Article 23.1 conflicts with the definition in § 12-120(3), however, the statutory entitlement to attorney's fees does not preclude sophisticated parties from negotiating at arm's length the allocation of fees and costs in the event of commercial litigation. *Chittenden & Eastman Co. v. Leasure*, 783 P.2d 320, 321-22 (Idaho Ct. App. 1989). In *Chittenden*, the Idaho Court of Appeals addressed the enforceability of a contractual provision that limited recovery by the prevailing party to just fifteen-percent of its attorney's fees. *Id.* at 321. The court held that § 12-120 "simply gives the prevailing party a general entitlement to an award of reasonable attorney's fees." *Id.* The court went on to find that this general statutory entitlement to attorney's fees "does not override a valid agreement between the parties specifically limiting the dollar amount that may be claimed and awarded." *Id.* Indeed, the Idaho Supreme Court has since determined that parties may contract away their

statutory right to attorney's fees altogether.  *See Moore v. Omnicare, Inc.*, 118 P.3d 141, 149-50 (Idaho 2005).

In sum, the Court finds that the definition of "prevailing party" provided in the franchise agreement is valid and enforceable, and concludes that Novus is the "prevailing party" under Article 23.1 of the franchise agreement.  Novus is therefore entitled to attorney's fees under the agreement.  However, it is undisputed that Novus did not prevail in full on its motion.  Novus asked this Court to enjoin defendants from providing *any* glass repair services, whether or not those services were related to Novus marks and products.  The Court declined to grant such expansive relief, finding that, for purposes of a preliminary injunction, Novus was likely to succeed on its breach of contract claim only to the extent the non-compete provision applied to defendants' use of Novus marks and products.[1]  The Court thus granted Novus a "limited" preliminary injunction that applied only to the Novus marks and products used by defendants in connection with their glass repair businesses.

Novus has asked for $32,901.14 in attorney's fees and costs associated with the preliminary injunction, to be allocated equally between defendants Hemperly and Oksendahl.  The Court finds that Novus asked for significantly more relief than was ultimately granted in the preliminary injunction.  In light of this limited relief, the Court finds that a reduction in the requested costs is reasonable, and awards Novus one-third

---

[1] The Court noted, however, that it was not holding that the non-compete provision was invalid.  Instead, the Court determined that, for purposes of the preliminary injunction motion, Novus had not shown a likelihood of success on its claim that defendants breached the non-compete provision by providing any glass repair services.

(1/3) of the total costs and fees requested, or $10,967.05.[2] The Court notes that nothing in the parties' franchise agreement limits the Court's authority to order fees and costs in an amount that is less than the amount requested. Further, it is well accepted that courts may reduce requested attorney's fees to reflect the extent to which a party prevailed on its action. *See, e.g.*, *AccuSoft Corp. v. Palo*, 237 F.3d 31, 61 (1st Cir. 2001) (noting that success is a factor that must be considered when determining the amount of fee to be awarded pursuant to a contractual provision); *Rent It Co. v. Aetna Cas. & Sur. Co.*, 988 F.2d 88, 91 (10th Cir. 1993) (considering the extent to which party prevailed in awarding attorney's fees pursuant to contract). The Court further finds that defendants, as the "party against whom injunctive relief is granted," are not the "prevailing party" in this action. Their motions for attorney's fees are therefore denied.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Novus's motions for attorney's fees [File No. 07-1964, Docket No. 38; File No. 07-1965, Docket No. 38] are **GRANTED**, as follows: Novus shall be awarded attorney's fees and costs in the amount of $10,967.05, to be allocated equally between defendant Oksendahl and defendants Hemperly.

---

[2] $32,901.14 x (1/3) = $10,967.05

    2.  Defendant Oksendahl's Motion for Attorney's Fees [File No. 07-1964, Docket No. 42] is **DENIED**.

    3.  Defendants Nathan and Corey Hemperly's Motion for Attorney's Fees [File No. 07-1965, Docket No. 42] is **DENIED**.

DATED:    March 27, 2008                                                        s/ John R. Tunheim
at Minneapolis, Minnesota.                                                 JOHN R. TUNHEIM
                                                                                              United States District Judge